**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4333**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISIAH MARQUALE HAYES, a/k/a Isaiah Marquale Hayes,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00137-JAB-1)

Submitted: March 30, 2011              Decided: April 8, 2011

Before KING, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isiah Marquale Hayes pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and the district court sentenced him to a within-Guidelines sentence of 115 months. Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but questioning whether Hayes's sentence was unduly harsh. Hayes was informed of his right to file a supplemental brief, but he has not done so. After our initial review, we ordered the parties to file supplemental briefs addressing whether the district court adequately stated its reasons for imposing the chosen sentence and, if not, whether its failure to do so constitutes harmless error. Having fully considered the arguments raised by Hayes and the Government, we affirm.

Because counsel preserved any procedural challenge to the sentence by arguing for a below-Guidelines sentence, our review is for an abuse of discretion. See United States v. Lynn, 592 F.3d 572, 578, 581, 583-84 (4th Cir. 2010). If the district court procedurally erred and thus abused its discretion, we must reverse unless the error is harmless. Id. at 581, 585.

In determining the procedural reasonableness of a sentence, this court considers whether the district court

properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall v. United States, 552 U.S. 38, 51 (2007). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Where, as here, the district court imposed a within-Guidelines sentence, the explanation may be "less extensive, while still individualized." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). However, that explanation must be sufficient to allow for "meaningful appellate review" such that the appellate court need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30 (internal quotation marks omitted).

Although the district court properly calculated the Guidelines range, allowed counsel to argue in mitigation, and afforded Hayes an opportunity to allocute, we conclude that the district court abused its discretion in failing to place on the record an individualized assessment of the § 3553(a) factors relating to Hayes. "Sentencing courts are statutorily required to state their reasons for imposing a particular sentence."

3

United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010). In this case, although the district court briefly stated that it had considered the statutory sentencing factors, the court erred by failing to indicate the basis for rejecting counsel's arguments for a below-Guidelines sentence. See Lynn, 592 F.3d at 584 ("[T]he court must offer some 'individualized assessment' justifying the sentence imposed and rejection of arguments for a higher or lower sentence based upon § 3553.") (quoting Gall, 552 U.S. at 50); Carter, 564 F.3d at 328-30.

Having concluded that the district court procedurally erred, we next consider whether the error is harmless. In this context, "the [G]overnment may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result[,]" such that "we can [] say with fair assurance[] that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." Boulware, 604 F.3d at 838 (internal quotation marks and ellipses omitted). Relevant factors in this analysis include whether the record leaves any doubt that the district court considered the defendant's arguments in light of the relevant § 3553 factors and any other information submitted, id. at 839, and the strength of the defendant's arguments for a different sentence. Id. at 839-40; Lynn, 592 F.3d at 585.

4

With these standards in mind, we conclude that the Government met its burden. In this case, the district court indicated that it had performed its duties to consider the relevant § 3553 factors in light of the arguments and evidence presented by Hayes's counsel. Moreover, the arguments for leniency Hayes advanced at sentencing were less than compelling, and Hayes "produced no evidence that the effects on others from [his] imprisonment would be unusually severe." Boulware, 604 F.3d at 840. Thus, any procedural error is harmless and does not require reversal. Finally, with regard to the substantive reasonableness of the sentence, Hayes has failed to rebut our presumption that his within-Guidelines sentence is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hayes, in writing, of the right to petition the Supreme Court of the United States for further review. If Hayes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hayes. We dispense with oral argument because the facts and legal contentions are adequately presented in the

5

materials before the court and argument would not aid the decisional process.

AFFIRMED